IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK R. ALDRIDGE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.CIV-24-831-D |
| | ) |
| BAYER CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant State of Oklahoma's Motion to Dismiss [Doc. No. 7] under Fed. R. Civ. P. 12(b)(6). Plaintiffs have filed a Response [Doc. No. 10], arguing that their pleading states plausible claims against the State of Oklahoma. Upon consideration, the Court finds that the Motion cannot properly be considered at this time.

This case was filed in state court and timely removed by Defendant Monsanto Company ("Monsanto") based on federal diversity jurisdiction under 28 U.S.C. § 1332. Monsanto asserts that Plaintiffs fraudulently joined the State as a defendant to avoid complete diversity of citizenship but "this removal-prevention strategy fails . . . because Plaintiffs have no viable claims against the State of Oklahoma." *See* Notice of Removal [Doc. No. 1], ¶¶ 4-5. Invoking the fraudulent joinder doctrine, Monsanto contends the State should be disregarded as a party. *Id*. ¶ 6.[1]

---

[1] Monsanto inaccurately proposes to disregard "the State of Oklahoma's citizenship." *Id*. It is well established that a State is not a "citizen" for purposes of diversity jurisdiction. *See Moor v. Alameda Cnty*., 411 U.S. 693, 717 (1973) (citing *Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482, 487, (1894)).

If Monsanto prevails on its jurisdictional theory and establishes that federal subject matter jurisdiction exists, it will be based on a finding that the State was fraudulently joined and should be disregarded as a party. If that occurs, a federal district court will have no jurisdiction to resolve the merits of Plaintiffs' claims against the State. Instead, the State will be dismissed without prejudice for lack of jurisdiction. *See Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004); *Anderson v. Lehman Bros. Bank*, 528 F. App'x 793, 796 (10th Cir. 2013).[2] The Court cannot decide the merits of claims over which it lacks jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-95 (1998). Thus, the Court cannot adjudicate the State's Motion under Rule 12(b)(6).[3]

**IT IS THEREFORE ORDERED** that Defendant State of Oklahoma's Motion to Dismiss [Doc. No. 7] is **DENIED** without prejudice to a future filing.[4]

**IT IS SO ORDERED** this 11th day of September, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

[3] The Court notes that the State bases its Motion, in part, on attached materials that are not included in Plaintiffs' pleading and may not be appropriate for consideration under Rule 12(b)(6). They could be considered, however, when deciding the issue of fraudulent joinder.

[4] Plaintiffs have filed a Motion to Remand which challenges Monsanto's allegation of fraudulent joinder. If Plaintiffs should prevail on their Motion, the case would be remanded for lack of jurisdiction, and the State could seek dismissal under state-court procedural rules. If Plaintiffs are unsuccessful, then the State would be dismissed for the reasons stated herein.